CIRCUIT/SUPERIOR COURT FOR THE COUNTY OF MARION
STATE OF INDIANA
200 E. Washington Street, Suite 122
Indianapolis, IN 46204

PATRICIA CLAYWELL )
　　　　　　　　Plaintiff, )
)
v. ) Cause No.
) **49D07 11 12 CT 0 4 8 5 5 6**
JOHN M. HAYES and )
HALVOR LINES, INC.. )
)
　　　　　　　　Defendants. )

## SUMMONS

The State of Indiana to Defendant:　　Halvor Lines, Inc., C/O Registered Agent, Vandermoere & Macke
4008 West 79th Street, Westover Annex
Indianapolis, IN 46268

　　You have been sued by the person(s) named "plaintiff" in the court stated above.

　　The nature of the suit against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you.

　　You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded. You have twenty-three (23) days to answer if this summons was received by mail. **Such Answer Must Be Made In Court.**

　　If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

　　　　　　　　　　　　　　　　　　　　　　　　_Elizabeth L. White_
Date:_____　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　CLERK, MARION COUNTY
MICHAEL W. PHELPS, 20646-89　　　　　　　　　　　　DEC 21 2011
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN  47404
TELEPHONE: (812)332-9451

_____ACKNOWLEDGMENT OF SERVICE OF SUMMONS

　　A copy of the above summons and a copy of the complaint attached thereto were received by me at _____this day of _____, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF DEFENDANT
PRAECIPE: I designate the following mode of service to be used by the Clerk.

☒　　By certified or registered mail with return receipt to above address.
☐　　By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.
☐　　By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.
☐　　By serving his agent as provided by rule, statute or valid agreement, to-wit:

　　　　　　　　　　　　　　　　　　　　　　　　KEN NUNN LAW OFFICE

　　　　　　　　　　　　　　　　　　　　　　　　BY:_____
　　　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEY FOR PLAINTIFF

**EXHIBIT A**

**CERTIFICATE OF MAILING:** I certify that on the __ day of _____, 2011, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2011.

_____
CLERK, MARION COUNTY

**RETURN OF SERVICE OF SUMMONS BY MAIL:** I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2011, and that a copy of the return of receipt was received by me on the __ day of _____ 2011, which copy is attached herewith.

_____
CLERK, MARION COUNTY

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:** I hereby certify that on the __ day of _____, 2011, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2011, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

Dated this __ day of _____, 2011.

_____
CLERK, MARION COUNTY

**RETURN OF SUMMONS:** This summons came to hand on the __ day of _____, 2011., and I served the same on the __ day of _____, 2011.
1. By mailing a copy of the summons and complaint personally to _____ address.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____ the dwelling house or usual place of abode of defendant: _____ (Name of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2011 to _____ his last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit: _____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2011.

_____
SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:** I hereby certify that I have served the within summons:
1. By delivery on the __ day of _____, 2011 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the __ day of _____, 2011 for each of the within named defendant(s), a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____ and by mailing a copy of the summons without the complaint to _____ at the last known address of defendant(s).

All done in MARION County, Indiana.

Fees: $_____

_____
SHERIFF or DEPUTY



CIRCUIT/SUPERIOR COURT FOR THE COUNTY OF MARION
STATE OF INDIANA
200 E. Washington Street, Suite 122
Indianapolis, IN 46204

PATRICIA CLAYWELL )
          Plaintiff, )
)
v. ) Cause No.
)
JOHN M. HAYES and )
HALVOR LINES, INC.. )
)
          Defendants. )

**SUMMONS**

The State of Indiana to Defendant:   John M. Hayes
                                                      2246 29th Avenue
                                                      Rice Lake, Wisconsin 45868

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded. You have twenty-three (23) days to answer if this summons was received by mail. **Such Answer Must Be Made In Court.**

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date:_____                                                   _____
                                                                               CLERK, MARION COUNTY

MICHAEL W. PHELPS, 20646-89
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN 47404
TELEPHONE: (812)332-9451

_____ACKNOWLEDGMENT OF SERVICE OF SUMMONS

      A copy of the above summons and a copy of the complaint attached thereto were received by me at _____this day of _____, 2011.

                                                                         _____
                                                                        SIGNATURE OF DEFENDANT

PRAECIPE: I designate the following mode of service to be used by the Clerk.

      By certified or registered mail with return receipt to above address.
      By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.
      By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.
      By serving his agent as provided by rule, statute or valid agreement, to-wit:

                                                              KEN NUNN LAW OFFICE

                                                              BY:_____
                                                               ATTORNEY FOR PLAINTIFF

CERTIFICATE OF MAILING: I certify that on the __ day of _____, 2011, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2011.

_____
CLERK, MARION COUNTY

RETURN OF SERVICE OF SUMMONS BY MAIL: I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2011, and that a copy of the return of receipt was received by me on the __ day of _____ 2011, which copy is attached herewith.

_____
CLERK, MARION COUNTY

CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL: I hereby certify that on the __ day of _____, 2011, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2011, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

Dated this __ day of _____, 2011.

_____
CLERK, MARION COUNTY

RETURN OF SUMMONS: This summons came to hand on the __ day of _____, 2011, and I served the same on the __ day of _____, 2011.
1. By mailing a copy of the summons and complaint personally to _____ address.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____ the dwelling house or usual place of abode of defendant:_____ (Name of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2011 to _____ his last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit:_____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2011.

_____
SHERIFF or DEPUTY

RETURN ON SERVICE OF SUMMONS: I hereby certify that I have served the within summons:
1. By delivery on the __ day of _____, 2011 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the __ day of _____, 2011 for each of the within named defendant(s) , a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____ and by mailing a copy of the summons without the complaint to _____ at the last known address of defendant(s).

All done in MARION County, Indiana.

Fees: $_____

_____
SHERIFF or DEPUTY

2

| STATE OF INDIANA | ) | IN THE MARION COUNTY | COURT |
| --- | --- | --- | --- |
| | ) ss: | | |
| COUNTY OF MARION | ) | CAUSE NO. | |

49D07 11 12 CT 0 4 8 5 5 6

PATRICIA CLAYWELL,  )
　　　　　　　　　　　)
　　　　Plaintiff,　　)
　　　　　　　　　　　)
v.　　　　　　　　　　)
　　　　　　　　　　　)
　　　　　　　　　　　)
JOHN M. HAYES and　　 )
HALVOR LINES, INC.　　)
　　　　　　　　　　　)
　　　　Defendants.　 )

FILED
DEC 21 2011
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Patricia Claywell, by counsel, Michael W. Phelps of the Ken Nunn Law Office, and for her cause of action against the Defendants, John M. Hayes and Halvor Lines, Inc., alleges and states as follows:

### STATEMENT AND JURISDICTION

1. This is a clear liability collision in which Defendant John M. Hayes negligently drove his semi tractor-trailer on August 14, 2010 striking the vehicle driven by Plaintiff Patricia Claywell (hereinafter referred to as the "collision"). As a result Plaintiff has sustained multiple injuries and other damages.

2. Jurisdiction and venue are appropriate in Marion County, Indiana as the collision occurred in Marion County, Indiana.

### FIRST CAUSE OF ACTION

*NEGLIGENCE OF TRUCK DRIVER JOHN GAYLER*

3. Plaintiff alleges and incorporates herein by reference paragraphs 1 through 2 above as if fully restated verbatim.

1

4. On or about August 14, 2010, Defendant John M. Hayes negligently drove a semi tractor-trailer on Interstate 65 at or near the 112 mile marker causing a collision with the vehicle driven by Plaintiff Patricia Claywell.

5. Defendant John M. Hayes had a duty to maintain and operate his tractor-trailer in a safe and reasonable manner.

6. Defendant John M. Hayes failed in the above-mentioned duties and is therefore negligent.

7. Defendant John M. Hayes' negligence was the direct and proximate cause of Plaintiff's injuries.

8. Plaintiff's injuries and damages are permanent.

9. Plaintiff has incurred medical bills for the treatment of her injuries directly resulting from this collision.

10. As a direct and proximate result of John M. Hayes' negligence, Plaintiff Patricia Claywell has experienced physical and mental pain and suffering, lost wages, property as well as other damages and has lost the ability to perform usual activities, resulting in a diminished quality of life.

## SECOND CAUSE OF ACTION

*NEGLIGENCE PER SE OF TRUCK DRIVER*

11. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 10 above as if fully restated verbatim.

12. John M. Hayes violated state and federal statutes and regulations including but not limited to I.C. 9-21-8-24 and 8-2.1-24-18.

13. Defendant John M. Hayes' violations of state and federal laws and regulations directly and proximately caused Plaintiff's damages and injuries.

14. Defendant John M. Hayes is negligent per se based on these statutory and regulatory violations.

15. As a proximate result of Defendant's negligence, Patricia Claywell will incur future medical expenses, damages and other special expenses.

16. As proximate result of Defendant's negligence, **Plaintiff** has experienced physical and mental trauma, pain, and suffering and have lost the ability to perform usual activities, resulting in a diminished quality and enjoyment of life.

### THIRD CAUSE OF ACTION

*VICARIOUS LIABILITY OF DEFENDANT HALVOR LINES, INC.*

17. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if fully restated verbatim.

18. At the time of the incident-in-suit, Defendant John M. Hayes was an actual and/or statutory employee of Halvor Lines, Inc., acting in the course and scope of his employment.

19. As a proximate result of John M. Hayes' negligence, Plaintiff sustained injuries and damages, some of which are permanent.

20. As a proximate result of John M. Hayes' negligence, Plaintiff has incurred medical expenses and other special expenses.

21. As a proximate result of John M. Hayes' negligence, Plaintiff will incur future medical expenses, and other special expenses.

22. As proximate result of John M. Hayes' negligence, Plaintiff has experienced physical and mental trauma, pain, and suffering and has lost the ability to perform usual activities, resulting in a diminished quality and enjoyment of life.

23. Halvor Lines, Inc. is vicariously liable for the negligence of Defendant John M. Hayes that occurred during the scope and course of his employment.

## FIFTH CAUSE OF ACTION

*RESPONDEAT SUPERIOR OF HALVOR LINES, INC.*

24. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 23 above as if fully restated verbatim.

25. Defendant John M. Hayes was the employee, agent, servant, or independent contractor for Halvor Lines, Inc. Accordingly, Halvor Lines, Inc. is vicariously liable for the acts of Defendant John M. Hayes for the causes of action above.

## SIXTH CAUSE OF ACTION

*NEGLIGENCE OF HALVOR LINES, INC..*

26. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 25 above as if fully restated verbatim.

27. Defendant Halvor Lines, Inc. had duties, pursuant to state and federal laws and regulations, to act reasonably in training and supervising John M. Hayes, and to promulgate and enforce rules and regulations to ensure John M. Hayes was a qualified commercial driver, and to ensure that its drivers and vehicles were reasonably safe.

28. Halvor Lines, Inc.'s statutory, regulatory, and contractual violations were a proximate cause of Plaintiff's damages and injuries.

29. Halvor Lines, Inc. is negligent based on these and other statutory, regulatory, and contractual violations.

30. Halvor Lines, Inc. is negligent per se based on these and other statutory and regulatory violations

31. As a proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, some of which are permanent.

32. As a proximate result of Defendant's negligence, Plaintiff has incurred medical expenses and other special expenses.

33. As a proximate result of Defendant's negligence, Plaintiff will incur future medical expenses and other special expenses.

34. As proximate result of Defendant's negligence, Plaintiff hase experienced physical and mental trauma, pain, and suffering, and has lost the ability to perform usual activities, resulting in a diminished quality and enjoyment of life.

WHEREFORE, the Plaintiff, Patricia Claywell, by counsel Micheal W. Phelps, demand judgment against the Defendants, John M. Hayes and Halvor Lines, Inc. for medical expenses, property damage, lost wages and other special expenses in an amount to be determined at the trial of this cause, court costs and all other just and proper relief in the premises.

Respectfully submitted,

KEN NUNN LAW OFFICE

BY: _____
Michael W. Phelps, 20646-89
Attorney for Plaintiff

KEN NUNN LAW OFFICE
104 S. FRANKLIN ROAD
BLOOMINGTON, IN 47404
TELEPHONE: (812) 332-9451
FAX NUMBER: (812) 331-5321
Attorney for Plaintiff

| STATE OF INDIANA | ) | IN THE MARION COUNTY | COURT |
|---|---|---|---|
| | ) ss: | | |
| COUNTY OF MARION | ) | CAUSE NO. | |

49D07 11 12 CT 0 4 8 5 5 6

PATRICIA CLAYWELL, )
)
      Plaintiff, )
)
v. )
)
)
JOHN M. HAYES and )
HALVOR LINES, INC. )
)
      Defendants. )

FILED
(115) DEC 21 2011
*Elizabeth C. White*
CLERK OF THE MARION CIRCUIT COURT

## REQUEST FOR TRIAL BY JURY

Comes now the Plaintiff, Patricia Claywell, by counsel Michael W. Phelps of the Ken Nunn Law Office, and requests that this matter be tried by jury pursuant to Trial Rule 38.

Respectfully submitted,

KEN NUNN LAW OFFICE

BY: _____
Michael W. Phelps, # 20646-89
Attorney for Plaintiff

KEN NUNN LAW OFFICE
104 S. FRANKLIN ROAD
BLOOMINGTON, IN 47404
TELEPHONE: (812) 332-9451
FAX NUMBER: (812) 331-5321
Attorney for Plaintiff

STATE OF INDIANA        )       IN THE MARION COUNTY SUPERIOR COURT
                        ) ss:
COUNTY OF MARION        )       CAUSE NO. 49D07-1112-CT-048556

PATRICIA CLAYWELL,              )
                                )
        Plaintiff,      )
                                )
vs.                             )
                                )
JOHN M. HAYES and               )
HALVOR LINES, INC.,             )
                                )
        Defendants.     )

FILED
(146) JAN 04 2012
*Elizabeth f. White*
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

This Appearance Form must be filed on behalf of every party in a civil case.

1. The party on whose behalf this form is being filed is:
2.
   Initiating _____   Responding _X_   Intervening _____ ; and

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

      **John M. Hayes and Halvor Lines, Inc.**

Address of party *(see Question # 6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)* _____

Telephone # of party _____

3. Attorney information for service as required by Trial Rule 5(B)(2)

   **Name:**  Thomas E. Farrell
   **Atty No.**  11188-49
   **Address:**  SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
             10 West Market Street, Suite 1500
             Indianapolis, IN 46204
   **Phone:**  (317) 637-1777
   **FAX:**  (317) 687-2414
   **Email Address:**  tfarrell@scopelitis.com

*(List on continuation page additional attorneys appearing for above party)*

4. This is a CT case type as defined in administrative Rule 8(B)(3).

5. I will accept service by FAX at the above noted number: Yes ___ No: _X_

6. This case involves child support issues. Yes ___ No _X_ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)*

7. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ___ No _X_ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

    _____    Attorney's address
    _____    The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us)**.
    _____    Another address (provide) _____

8. This case involves a petition for involuntary commitment. Yes ___ No _X_

8. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____
    b. State of Residence of person subject to petition: _____
    c. At least one of the following pieces of identifying information:
        (i) Date of Birth _____
        (ii) Driver's License Number _____
            State where issued _____ Expiration date _____
        (iii) State ID number _____
            State where issued _____ Expiration date _____
        (iv) FBI number _____
        (v) Indiana Department of Corrections Number _____
        (vi) Social Security Number is available and is being provided in an attached confidential document Yes ___ No ___

9. There are related cases: Yes _X_ No _____ *(If yes, list on continuation page.)*

10. Additional information required by local rule: __N/A__

11. There are other party members: Yes ____ No _X_ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached: Yes _X_ No___

_____
Thomas E. Farrell/11188-49

Attorney for Defendants,
John M. Hayes and Halvor Lines, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record, by first-class United States mail, postage prepaid, on this 4th day of January, 2012:

Michael W. Phelps
Kenn Nunn law Office
104 South Franklin Road
Bloomington, IN 47404

_____
Thomas E. Farrell

SCOPELITIS GARVIN LIGHT HANSON & FEARY
10 W. Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777

H:\Users\kbjerke\wpdocs\GW\Halvor Lines 6480.904\State Ct. Pleadings\Appearance TEF.doc

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | ) ss: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D07-1112-CT-048556 |

PATRICIA CLAYWELL, )
)
      Plaintiff, )
)
vs. )
)
JOHN M. HAYES and )
HALVOR LINES, INC., )
)
      Defendants. )

FILED
(146) JAN 0 4 2012

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR TRIAL BY JURY

### I.

### ANSWER

Defendants, John M. Hayes and Halvor Lines, Inc., for their Answer to the Complaint for Damages (the "Complaint") of Plaintiff, Patricia Claywell, state as follows:

1. Defendants deny each and every allegation contained in the Complaint not specifically admitted herein as being true.

2. Defendants deny the allegations contained in paragraph 1 of the Complaint.

3. Defendants admit the allegations contained in paragraph 2 of the Complaint.

## Count I – First Cause of Action

4. Defendants deny each and every allegation contained in Count I of the Complaint not specifically admitted herein as being true.

5. Defendants incorporate by reference as if fully repeated herein their responses to paragraphs 1 and 2 of the Complaint.

6. Defendants deny the allegations contained in paragraphs 4, 6, 7 and 10 of Count I of the Complaint.

7. Defendants admit the allegations contained in paragraph 5 of Count I of the Complaint.

8. Defendants are without sufficient information to either admit or deny the allegations contained in paragraphs 8 and 9 of Count I of the Complaint.

WHEREFORE, Defendants, John M. Hayes and Halvor Lines, Inc., respectfully request that Plaintiff take nothing by way of the Complaint, for the costs of this action and for all other necessary and proper relief in the premises.

## Count II – Cause of Action

9. Defendants deny each and every allegation contained in Count II of the Complaint not specifically admitted herein as being true.

10. Defendants incorporate by reference as if fully repeated herein their responses to paragraphs 1 and 10 of the Complaint.

11. Defendants deny the allegations contained in paragraphs 12, 13, 14, 15 and 16 of Count II of the Complaint.

WHEREFORE, Defendants, John M. Hayes and Halvor Lines, Inc., respectfully request that Plaintiff take nothing by way of the Complaint, for the costs of this action and for all other necessary and proper relief in the premises.

### Count III – Cause of Action

12. Defendants deny each and every allegation contained in Count III of the Complaint not specifically admitted herein as being true.

13. Defendants incorporate by reference as if fully repeated herein their responses to paragraphs 1 and 16 of the Complaint

14. Defendants admit the allegations contained in paragraph 18 of Count III of the Complaint.

15. Defendants deny the allegations contained in paragraphs 19, 20, 21, 22 and 23 of Count II of the Complaint.

**(Count IV omitted in the Complaint)**

### Count V – Cause of Action

16. Defendants deny each and every allegation contained in Count V of the Complaint not specifically admitted herein as being true.

17. Defendants incorporate by reference as if fully repeated herein their responses to paragraphs 1 and 23 of the Complaint.

18. Defendants admit that John M. Hayes was an employee for Halvor Lines, Inc., but deny the remaining allegations contained in paragraph 25 of Count V of the Complaint.

WHEREFORE, Defendants, John M. Hayes and Halvor Lines, Inc., respectfully request that Plaintiff take nothing by way of the Complaint, for the costs of this action and for all other necessary and proper relief in the premises.

### Count VI – Cause of Action

19. Defendants deny each and every allegation contained in Count VI of the Complaint not specifically admitted herein as being true.

20. Defendants incorporate by reference as if fully repeated herein their responses to paragraphs 1 and 25 of the Complaint.

21. Defendants admit that Defendant, Halvor Lines, Inc., had duties pursuant to state and federal laws and regulations to act reasonably in training and supervising John M. Hayes, to ensure John M. Hayes was a qualified commercial driver and to ensure that its drivers and vehicles were reasonably safe, but Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

22. Defendants deny the allegations contained in paragraphs 28, 29, 30, 31, 32, 33 and 34 of Count VI of the Complaint.

WHEREFORE, Defendants, John M. Hayes and Halvor Lines, Inc., respectfully request that Plaintiff take nothing by way of the Complaint, for the

costs of this action and for all other necessary and proper relief in the premises.

## II.

## **AFFIRMATIVE DEFENSES**

Defendants, John M. Hayes and Halvor Lines, Inc., by counsel, and for their Affirmative Defenses to the Complaint, state as follows:

1. In the event that it is established that Defendants were negligent, Defendants aver that the causal negligence of Plaintiff is greater than 50% of the total of the occurrence, which is the subject of this litigation, thereby barring Plaintiff's claim for damages.

2. In the alternative, in the event that it is established that the causal negligence of Plaintiff is 50% or less, Defendants hereby assert that the amount of Plaintiff's damages be diminished in proportion to the amount of causal negligence attributable to Plaintiff.

3. Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendants, John M. Hayes and Halvor Lines, Inc., respectfully request that Plaintiff take nothing by way of the Complaint, for the costs of this action and for all other necessary and proper relief in the premises.

## III.

## **DEMAND FOR TRIAL BY JURY**

Defendants, John M. Hayes and Halvor Lines, Inc., by counsel, respectfully demand that this case be tried by jury.

Respectfully submitted,

*[signature]*

Thomas E. Farrell/11188-49

Attorney for Defendants,
John M. Hayes and Halvor Lines, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record, by first-class United States mail, postage prepaid, on this 4th day of January, 2012:

Michael W. Phelps
Kenn Nunn law Office
104 South Franklin Road
Bloomington, IN 47404

*[signature]*

Thomas E. Farrell

SCOPELITIS GARVIN LIGHT HANSON & FEARY
10 W. Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777

H:\Users\kbjerke\wpdocs\GW\Halvor Lines 6480.904\State Ct. Pleadings\Answer.doc

6